**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHUYU REN, | No.    16-70682 |
| Petitioner, | Agency No. A089-967-482 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Shuyu Ren, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reconsider the denial of her prior motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Ren's motion to reconsider for failure to identify any error of fact or law in the IJ's denial of her motion to reopen. *See* 8 C.F.R. § 1003.23(b)(2). Ren's underlying motion to reopen was untimely, and she did not present sufficient evidence to establish that she was prevented from timely filing the motion by any deception, fraud, or error. *See* 8 C.F.R. § 1003.23(b)(1); *Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003). In addition, the record does not support her contention that the agency failed to consider relevant evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

We lack jurisdiction to consider Ren's unexhausted contention that the administrative record is incomplete. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-70682